JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 4889**

-----------------------------------------------------------x
REMY BROWN, ANDREW HUDSON,
and JOSE PEREZ,

                      Plaintiffs,

    -against-

THE CITY OF NEW YORK, DETECTIVE
AARON JOHNSON and POLICE OFFICERS
JOHN DOES, Individually and in their Official
Capacities,

                      Defendants.
-----------------------------------------------------------x

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, REMY BROWN, ANDREW HUDSON and JOSE PEREZ, by and through their attorneys, **Fisher, Byrialsen & Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, DETECTIVE AARON JOHNSON, and POLICE OFFICERS JOHN DOES as Officers of the New York City Police Department, acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1985, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

4. Plaintiffs further invoke this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

6. Plaintiff Remy Brown filed a Notice of Claim with the Comptroller of the City of New York on or about July 9, 2012 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

7. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. At all times relevant hereto Plaintiff Remy Brown was and is a citizen of the United States and was residing in Manhattan, New York at the time of the incident.

9. At all times relevant hereto Plaintiff Andrew Hudson was and is a citizen of the United States and was residing in Manhattan, New York at the time of the incident.

10. At all times relevant hereto Plaintiff Jose Perez was and is a citizen of the United States and was residing in Manhattan, NY at the time of the incident.

11. At all times relevant hereto defendant The City of New York (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

12. At all times relevant to this action, Defendants, DETECTIVE AARON JOHNSON, and POLICE OFFICERS JOHN DOES, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

13. At all times relevant hereto and in all their actions described herein, Defendants, DETECTIVE AARON JOHNSON, and POLICE OFFICERS JOHN DOES, were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

14. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

## FACTS

15. On April 15, 2012 at approximately 7:00 p.m. Plaintiffs Jose Perez and Andrew Hudson had stopped at an acquaintance's home at 641 E. 13th Street, apt 5D, New York, NY to charge Mr. Perez' cell phone.

16. Mr. Perez and Mr. Hudson remained at 641 E. 13th Street, apt 5D, New York, NY for less than five minutes and left the cell phone to charge while they left to shop at a clothing store on 12th Street and University Place, New York, NY.

17. Mr. Perez and Mr. Hudson returned to to pick up Mr. Perez' cell phone from 641 E. 13th Street, apt 5D, New York, NY with Mr. Brown at approximately 7:50 p.m.

18. The plaintiffs were at 641 E. 13th Street, apt 5D, New York, NY for only a few minutes when NYPD officers entered the apartment and told everyone to get down on the floor.

19. On the date of the incident, plaintiffs were all only in the living room of the apartment. There was nothing illegal or suspicious in the living room of the apartment.

20. None of the plaintiffs resided at 641 E. 13th Street, apt 5D, New York, NY.

21. The plaintiffs informed the officers that they did not live at this apartment, however, the officers still handcuffed the plaintiffs and required them to wait in the hallway with other individuals who were also inside the apartment.

22. The police arrested nine individuals.

23. The plaintiffs spent over 6 hour at the precinct.

24. The plaintiffs were then taken to Central Booking at approximately 5:00 a.m. on

April 16, 2012.

25. Mr. Brown was questioned by an Assistant District Attorney while he was detained at Manhattan Central Booking.

26. At approximately 2:00 a.m. Mr. Brown was advised that the District Attorney's Office had declined to prosecute his case and he was released.

27. Four other individuals who had been arrested and processed through Central Booking were also released at that time.

28. Mr. Hudson and Mr. Perez were arraigned on charges of Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, Criminally Using Drug Paraphernalia in the Second Degree, Criminally Using Drug Paraphernalia in the Second Degree.

29. Significant bail was set on both Mr. Perez and Mr. Hudson, and both were detained until April 20, 2012.  On April 20, 2012 Mr. Perez and Mr. Hudson were both released on their own recognizance.

30. Mr. Perez and Mr. Hudson each made three court appearances after their arraignments related to these charges.

31. On October 11, 2012 the charges against Mr. Perez and Mr. Hudson were dismissed and sealed.

32. On or about July 9, 2012 and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff Brown was served upon NYC.

33. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

34. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

35. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

37. All of the aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

41. By these actions, these Defendants have deprived Plaintiffs of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation

of 42 U.S.C. §1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43. Defendants engaged in extreme and outrageous conduct beyond all possible bounds of decency when they beat, harassed, threatened and arrested plaintiffs.

44. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon plaintiffs.

45. Defendants' outrageous conduct did inflict severe distress upon plaintiffs, which caused plaintiffs to suffer anxiety and mental anguish.

46. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## THIRD CLAIM FOR RELIEF MUNICIPAL LIABILITY

47. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

48. The acts complained of herein were carried out by the Defendants in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of

said departments.

49. Prior to April 15, 2012, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiffs' rights.

50. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

51. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by inmates in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

52. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiffs.

53. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

55. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by

supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

57. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of plaintiffs' constitutional rights.

58. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

59. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

      a.    Not to be deprived of liberty without due process of law;

      b.    To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

      c.    To be protected against violations of his civil and constitutional rights;

      d.    Not to have cruel and unusual punishment imposed upon him; and

      e.    To receive equal protection under the law.

## FOURTH CLAIM FOR RELIEF:
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## UNDER 42 U.S.C. § 1983, 1985, 1986

60. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

61. All the defendants, acting with each other individually and on behalf of and under the auspices and control of the City, and under color of law, conspired to injure plaintiffs in their person and property and deprive plaintiffs of their First, Fourth, Fifth and Fourteenth Amendment rights. The defendants jointly caused such deprivation of rights by acting in concert to disseminate false information concerning the plaintiffs and by disseminating false information that lacked any reasonable basis or probable cause to support it that the plaintiffs committed a crime, and/or to charge them with a crime, and/or to arrest them.

62. The defendants further deprived the plaintiffs of their due process rights specifically by conspiring to and assisting in the arrest of the plaintiffs without probable cause and participating in the prosecution of plaintiffs; by denying the plaintiffs their First, Fourth, Fifth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiffs of their liberty and taking their property without due process and compensation; conspiring together to cover up the misconduct they committed; and preventing the plaintiffs from being compensated for wrongful arrest, for the loss of their constitutional rights, and for the emotional harm incurred.

63. The aforesaid actions by the defendant police officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

64. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

65. The defendants knew or should have known that the misconduct and false and fabricated accusations and/or charges against plaintiffs were violative of their First, Fourth, Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

66. Said defendants had the power to prevent the continued due process violations against the plaintiffs, yet had failed to prevent the dissemination of false information and/or to dismiss the fabricated accusations and charges against plaintiffs, and/or to protect the plaintiffs from the unwarranted and potential harm and penalties of said charges.

67. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive plaintiffs of federal civil and constitutional rights, in violation of 42 U.S.C. § 1985.

68. All of the aforementioned acts of Defendants constituted a violation of plaintiffs' civil rights under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986.

### FIFTH CLAIM FOR RELIEF: FALSE ARREST

69. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

70. As a result of Defendants' aforementioned conduct, Plaintiffs were subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and

caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

71. As a result of their false arrests, Plaintiffs were subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of their liberty.

72. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF: FALSE IMPRISONMENT

73. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

74. As a result of his false imprisonment, Plaintiffs were subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of their liberty.

75. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SEVENTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION

76. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

77. By the actions described above the defendants THE CITY OF NEW YORK, DETECTIVE JOHNSON and POLICE OFFICERS JOHN DOES maliciously and without probable cause, prosecuted Plaintiff Perez and Hudson. The acts and conduct of the defendants

were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law right as guaranteed by the laws and constitution of the State of New York.

78. As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         July 15, 2013

Respectfully submitted,

Alissa Boshnack, Esq. (AB0977)

FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(212) 962-0848